

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 21, 1974

The Honorable William H. Skelton,
Chairman
Board of Pardons and Paroles
Room 501, John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 312

Re: Appointment of
Attorneys to rep-
resent indigent
prisoners at on-site
parole revocation
hearings.

Dear Mr. Skelton:

You have asked our opinion on two questions relating to the appoint-
ment of counsel to represent alleged parole violators at a preliminary
revocation hearing. Your first question is:

"[D]oes the Board have the responsibility and/or the
authority to provide the attorney for the alleged
parole violator who requests an On-Site Hearing or
for whom an attorney is required or deemed neces-
sary by the Hearing Authority?"

In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States
Supreme Court concluded that the requirements of due process neces-
sitated several procedural safeguards in the parole revocation process.
One of these is the requirement that a preliminary hearing be conducted
at or near the place of the arrest or alleged violation to determine
whether there is probable cause or reasonable ground to believe that
the arrested parolee has committed acts which constitute a parole
violation. Morrissey, supra, at 485. The Court in Morrissey found
it unnecessary to decide whether the parolee was entitled to the
assistance of counsel.

The necessity of counsel for parolees facing revocation proceedings
was discussed in Gagnon v. Scarpelli, 411 U.S. 778, 36 L. Ed. 2d 656
(1973). The Court refused to adopt an inflexible rule and indicated
that the decision as to the need for counsel would have to be made on a
case-by-case basis in the exercise of the sound discretion of the state

parole authority. Therefore, the Board has the responsibility of considering the facts of each case to determine whether counsel is required. To guide parole boards discharging their responsibility the Court said:

> "It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record." (36 L. Ed. 2d at 666-667)

Shortly before the Supreme Court announced its decision in Gagnon v. Scarpelli, supra, a panel of the United States Court of Appeals for the Fifth Circuit decided Cottle v. Wainwright, 477 F. 2d 269 (5th Cir. 1973). Expressly declining to reach the due process issue which subsequently formed the basis for the Scarpelli decision, the Fifth Circuit held under the equal protection clause that an indigent parolee was entitled to appointed counsel in revocation proceedings if retained counsel would have been permitted. The Supreme Court vacated the

judgment in <u>Cottle</u> and remanded the cause to the Fifth Circuit
for further proceedings in light of <u>Scarpelli</u> [<u>Wainwright v. Cottle</u>,
_____U.S._____, 38 L. Ed. 2d 138 (1973)], even though, according
to the dissent of Justices Douglas and Blackman, the decision in
<u>Scarpelli</u>,"is inapposite"to a consideration of <u>Cottle</u>.   <u>Cottle</u> is
now pending before the Circuit and the decision ultimately reached
in that case may expand the responsibility of the Board.   See,
<u>Lane v. Attorney General of the United States</u>, 477 F. 2d 847 (5th
Cir. 1973).

Since the Board has the responsibility to provide counsel in
certain cases the remaining aspect of your first question requires a
determination of the Board's authority to provide counsel.  The Board
is required by statute to provide parole revocation hearings, to
adopt rules and regulations to govern these hearings, and after the
hearing to recommend to the Governor that the prisoner's parole be
continued, revoked or modified.   Article 42.12, Sec. 22, Vernon's
Texas Code of Criminal Procedure.   Since it is necessary to provide
counsel for certain indigent parolees in order to fulfill this statutory
mandate, we believe the Board by necessary implication has the
authority to provide counsel.   <u>Terrell v. Sparks</u>, 135 S. W. 519 (Tex.
1911).

The Board has some discretion in determining the manner in
which counsel is to be provided.  Appointment of counsel is one
possibility; however, even though many attorneys will be willing
to accept the Boards appointment to represent an indigent prisoner,
see, Texas Bar Association, Code of Professional Responsibility,
EC 2-16, EC 2-25, we know of no means by which the Board can
compel an attorney to provide such representation.

Other alternatives the Board may want to consider are the estab-
lishment of a fee schedule for use in the employment of private
attorneys [see generally, Article 26.05, Texas Code of Criminal
Procedure], or the establishment of an office of legal counsel to pro-
vide such representation.   Since these and other possible proposals
are not before us we express no opinion as to the legality of estab-
lishing or funding any particular plan.

Your second question asks:

"Does the District Judge of the county in which the
parolee is in custody have the authority or res-
ponsibility to provide the attorney? "

District Courts are authorized to appoint counsel for indigents in many situations, e. g., Articles 16.01, 26.04, 26.05, 42.12, Sec. 3b, Vernon's Texas Code of Criminal Procedure; however, the parole revocation process, unlike a trial or a revocation of probation, does not take place in the courts. When parole is to be revoked a court has no case or controversy before it, and therefore, we believe it would have no jurisdiction to appoint an attorney to represent a prisoner in a hearing before some other authority.

### SUMMARY

The Board of Pardons and Paroles has the responsibility and authority to provide counsel for indigent prisoners whose parole is to be revoked. An attorney should be provided when the parolee disputes the allegation of a violation or offers substantial reasons to justify or mitigate the violation of the conditions of parole. Attention must be given to the parolee's ability to speak for himself.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee